**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-02850-REB

DENNIS G. RAY,

     Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

     Defendant.

**ORDER REVERSING DISABILITY
DECISION AND REMANDING TO COMMISSIONER**

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1],[1] filed October 29, 2012, seeking review of the Commissioner's decision denying plaintiff's claim for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I reverse and remand.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that he is disabled as a result of degenerative disc disease of the spine, osteoarthritis of the knees, and chronic pain disorder. After his application for supplemental security income benefits was denied, plaintiff requested a hearing before

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

an administrative law judge.  This hearing was held on may 17, 2011.  At the time of the hearing, plaintiff was 53 years old.  He has high school education and past work experience as a construction laborer and psychiatric aide worker.  He has not engaged in substantial gainful activity since April 8, 2009, the date of his application for benefits.

  The ALJ found that plaintiff was not disabled and therefore not entitled to supplemental security income benefits.  Although the medical evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations.  The ALJ found that plaintiff had the residual functional capacity to perform light work with postural restrictions.  Although this finding precluded plaintiff's past relevant work, the ALJ concluded that there were jobs existing in significant numbers in the national and local economies that he could perform.  She therefore found plaintiff not disabled at step five of the sequential evaluation.  Plaintiff appealed this decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

  A person is disabled within the meaning of the Social Security Act only if his physical and/or mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination."  **Campbell v. Bowen**, 822 F.2d 1518,

1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  **See Kelley v. Chater,** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

> 1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.
>
> 3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.
>
> 4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.
>
> 5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 416.920(b)-(f).  **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four

steps of this analysis. ***Bowen v. Yuckert***, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. ***Id.*** A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. ***Casias v. Secretary of Health & Human Services***, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. ***Hamilton v. Secretary of Health and Human Services***, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. ***Brown***, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. ***Id.***

### III. LEGAL ANALYSIS

Plaintiff alleges that the ALJ erred in failing to properly assess plaintiff's ability to

perform light work. I agree and therefore reverse.[2]

The ALJ purported to assign "significant weight" to the opinion of Dr. Katherine L. Rufner, a consultative examiner who examined plaintiff on behalf of the agency, in concluding that plaintiff was capable of light work. (Tr. 13, 169-175.) Dr. Rufner suggested, *inter alia*, that plaintiff could occasionally lift and carry up to 20 pounds. (Tr. 175.) Light work, however, requires both the ability to lift up to 20 pounds at a time *and* the ability to lift and carry up to 10 pounds frequently. 20 C.F.R. § 416.967(b). **See Social Security Ruling 83-10**, 1983 WL 31251 at *5-*6 (SSA 1983) ("frequently" means "occurring from one-third to two-thirds of the time"). In addition, "most light jobs – particularly those at the unskilled level of complexity – require a person to be standing or walking most of the workday." **Social Security Ruling 83-14**, 1983 WL 31254 at *4 (SSA 1983).

"The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." **Social Security Ruling 96-8p**, 1996 WL 374184 at *3 (SSA July 2, 1996). The Commissioner has recognized expressly that

> [i]nitial failure to consider an individual's ability to perform the specific work-related functions could be critical to the outcome of a case. . . . [A] failure to first make a function-by-function assessment of the individual's limitations or restrictions could result in the adjudicator overlooking some of an individual's limitations or restrictions.

---

[2] Because I find this argument sufficient to warrant reversal, I do not consider plaintiff's alternative arguments that the ALJ also erred in (1) finding that Dr. Rufner's opinion supported a conclusion that the standing and walking requirements of light work were met; and (2) characterizing Dr. Rufner's opinion as being that plaintiff was "unlimited as to sitting" without also considering her suggestion that plaintiff would require frequent position changes while seated. Of course, any error in this respect may be addressed on remand.

*Id.* at *3-4.  Such is the nature of the error that occurred here.  Contrary to the Commissioner's suggestion, the necessary function-by-function assessment was not implicit in the ALJ's bare conclusion that plaintiff could perform light work.[3]  Such an argument is directly contradicted by the Commissioner's own policy statement.  *Id.* at *1 ("The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis[.] . . . Only after that may RFC be expressed in terms of the exertional levels of work[.]").  Indeed, it defies reason to suggest that ALJ can conclude that a claimant is capable of work at a certain exertional level prior to assessing whether he has the ability to perform the functional requirements of that level of work.  By failing to consider whether plaintiff could perform all the lifting requirements of light work, the ALJ therefore committed legal error.

Nor was this error harmless.  A claimant of plaintiff's age and level of education who has no transferable job skills[4] and is capable of only sedentary work is considered disabled under the Commissioner's Medical Vocational Guidelines.  *See* 20 C.F.R. Part 404, Subpart P, App. 2, § 201, Table No. 1, Rule 201.14.  The case therefore must be remanded for a proper determination of plaintiff's residual functional capacity.[5]

---

[3]  Nothing in Dr. Rufner's opinion supports a conclusion that plaintiff can lift up to 10 pounds frequently – indeed, she noted that plaintiff's ability to lift and carry, although limited to 20 pounds occasionally, "will certainly be less when he has knee and back pain." (Tr. 175.)  Plaintiff's own testimony was to the effect that his wrist pain is sometimes so bad that he cannot hold a fork.  (*See* Tr. 14.)

[4]  There is nothing in the record to indicate whether plaintiff has transferrable job skills.

[5]  Although plaintiff asks for a directed award of benefits, I find it would not be proper to exercise my discretion in that regard here.  *See Nielson v. Sullivan*, 992 F.2d 1118, 1122 (10th Cir. 1993). By this decision, I do not find or imply that plaintiff is or should be found to be disabled.

## IV. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **REVERSED**;

2. That this case is **REMANDED** to the ALJ, who is directed to

   a. Perform a function-by-function analysis of plaintiff's limitations as described more fully herein;

   b. Recontact any treating source, seek the testimony of medical experts, order consultative examinations, solicit further vocational expert testimony, or otherwise further develop the record as she deems necessary;

   c. Reassess plaintiff's residual functional capacity; and

   d. Reassess the disability determination; and

3. That plaintiff is **AWARDED** his costs to be taxed by the clerk of the court pursuant to Fed. R. Civ. P. 54(d)(1), D.C.COLO.LCivR 54.1, and 28 U.S.C. § 2412(a)(1).

Dated March 3, 2014, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge