UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Robert E. Blackburn**

Civil Action No. 12-cv-02850-REB

DENNIS G. RAY,

     Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

     Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412

**Blackburn, J.**

The matter before me is plaintiff's **Motion for Award of Attorneys' Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412** [#22],[1] filed May 8, 2014. I grant the motion.

In this case, plaintiff appealed the Commissioner's decision denying plaintiff's application for supplemental security income benefits. I found that the ALJ committed legal error in concluding that plaintiff was capable of light work without having undertaken the function-by-function analysis required by the Commissioner's own interpretation of the applicable regulations. I therefore reversed the disability determination and remanded to the Commissioner for further proceedings.

---

[1] "[#22]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Plaintiff now seeks attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), which provides, in relevant part:

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action. . ., including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).[2] As interpreted by the Supreme Court, "substantially justified" means "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." **Pierce v. Underwood**, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). Stated differently, the test is whether there is a "reasonable basis in both law and fact" for the Commissioner's position. **Id**., 108 S.Ct. at 2550; **Gilbert v. Shalala**, 45 F.3d 1391, 1394 (10th Cir.), **cert. denied**, 116 S.Ct. 49 (1995). Although the term "'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness," **Pierce**, 108 S.Ct. at 2550, "a position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact," **id**. at 2550 n.2. For this reason, a finding that the Commissioner's position was not supported by substantial evidence does not necessarily lead to a finding that the Commissioner's position was not substantially justified. **Hadden v. Bowen**, 851 F.2d 1266, 1268-69 (10th Cir. 1988).

---

[2] The parties apparently stipulate that plaintiff is a prevailing party for purposes of the EAJA. **See Shalala v. Schaefer**, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993) (party who secures remand to Commissioner under sentence four of 42 U.S.C. § 405(g) is a prevailing party).

The Commissioner bears the burden of demonstrating that her position was substantially justified. *Gilbert*, 45 F.3d at 1394. I have discretion in determining whether this standard has been met. *Pierce*, 108 S.Ct. at 2548-49; *Stephenson v. Shalala*, 846 F.Supp. 49, 50 (D. Kan. 1994). In exercising that discretion, I must consider the case "as an inclusive whole, rather than as atomized line items." *Commissioner, Immigration and Naturalization Service v. Jean*, 496 U.S. 154, 162, 110 S.Ct. 2316, 2320, 110 L.Ed.2d 134 (1990). "Being incorrect on one point does not translate into lacking substantial justification for one's litigation position during the entirety of a civil action." *Jackson v. Chater*, 94 F.3d 274, 279-80 (7th Cir. 1996).

Although the Commissioner sets forth these legal precepts in her brief, she nevertheless fails to carry her burden to demonstrate that her position "during the entirety of the civil action" was substantially justified. Rather, she has done little more than simply reiterated her arguments which were found to be legally and factually insufficient initially. The Commissioner's position cannot have been reasonable in light of the clear language of her own policy guidelines. Nor does the opinion of the consultative examiner support a finding of substantial justification, since as I noted in my decision, that opinion did not contain sufficient detail to allow the ALJ to conclude that plaintiff had the residual functional capacity for all the physical demands of light work. *See Ray v. Colvin*, 2014 WL 811674 at *3 (D. Colo. March 3, 2014). The Commissioner therefore has failed to meet her burden of proof on the issue of substantial justification. Accordingly, plaintiff is entitled to an award of attorney fees.

Plaintiff requests attorney fees in the amount of $5,680.63 for 30.5 hours of work on this litigation.[3]  The Commissioner presents no argument that the enhanced hourly rate requested by plaintiff's counsel is excessive or that the total amount of time expended or the total amount of fees requested are unreasonable.  Moreover, my own experience suggests that the hours expended are reasonable and the fees requested comparable to awards made under the EAJA in similar cases.  I therefore find and conclude that plaintiff is entitled to the entirety of his requested fees.

**THEREFORE, IT IS ORDERED** as follows:

1.  That plaintiff's **Motion for Award of Attorneys' Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412** [#22], filed May 8, 2014, is **GRANTED**; and

2.  That plaintiff is **AWARDED** $5,680.63 in attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A).

---

[3]  Plaintiff's request includes a request for an increase in the statutory rate to $186.25 per hour as a cost-of-living adjustment.  (*See* **Affidavit** ¶ 7 at 7-8 [#22], filed May 8, 2014.)

> Except in unusual circumstances, a COLA should be freely given to plaintiffs applying for attorneys' fees under EAJA.  By providing in the statute for a COLA, Congress intended that such an adjustment be seriously considered in EAJA applications.  In view of the fact that the purpose of EAJA is to remove financial barriers to challenging wrongful government action, it would undermine the purpose of the statute to deny plaintiff's request for a COLA.

***Greenhill v. United States***,. 96 Fed. Cl. 771, 783 (Fed. Cl. 2001) (internal citations omitted).  ***See also Baker v. Bowen***, 839 F.2d 1075, 1084 (5th Cir. 1988); *see also **Payne v. Sullivan***, 977 F.2d 900, 903 & n.2 (4th Cir. 1992).  In the absence of any objection to plaintiff's request for an increase in the hourly rate or his calculation of the applicable rate, I do not consider whether his requested rate is appropriately calculated under the applicable formula.  *See **Greenhill***, 96 Fed. Cl. at 784.

Dated May 16, 2014, at Denver, Colorado.

                                    **BY THE COURT:**

                                    */s/ Robert E. Blackburn*
                                    Robert E. Blackburn
                                    United States District Judge